IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| ERNESTINA AREBALO, *et al.*, | § § | |
| PLAINTIFFS, | § § | |
| vs. | § § | CIVIL ACTION CAUSE NUMBER |
| SWISHER COUNTY, TEXAS, *et al.*, | § § | 2:13-CV-082-J |
| DEFENDANTS. | § § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Plaintiffs allege that Defendant Danielle Law Floyd, acting under color of law, deprived Louis Garcia, Jr. of constitutionally protected rights. Defendant Floyd moves for dismissal of all claims asserted against her on the basis of qualified immunity, and failure to plead a claim upon which relief can be granted. Plaintiffs have failed to file a response to Defendant's motion to dismiss. Because Plaintiffs have failed to state a claim upon which relief can be granted, and have not shown that Floyd is not entitled to qualified immunity, all of their claims against Defendant Floyd will be dismissed with prejudice.

*Background Facts*

This case arises out of the May 14, 2011 suicide of Louis Garcia, Jr. (Garcia), a pretrial detainee at the Swisher County Jail. On May 7, 2011, Garcia became a pretrial detainee at the jail. Upon arrival, jail staff placed Garcia on suicide watch. Garcia was later transported to the Swisher County Memorial Hospital, where an emergency room doctor allegedly discontinued Garcia's medications. Garcia was hospitalized overnight, and returned to jail the next day. Garcia remained on suicide watch from May 8 through May 11, 2011. On May 11, 2011, he was allegedly removed from suicide watch and placed in a cell that had a connected day room.

Defendant Floyd is a mental health professional employed by the Central Plains Center for Mental Health, Mental Retardation & Substance Abuse. On the evening of May 13, 2011, jail personnel called Central Plains to report a mental health crisis involving Garcia. Floyd was on-call at Central Plains, and responded to the report. After arriving at the jail, Floyd conducted an interview and mental assessment of Garcia in the presence of Sheriff Emmett Benavidez and Jailer Deborah Lynn Lbsraoui.

At the conclusion of her assessment, Floyd noted that the jail would place Garcia in an "Extended Observation Unit" with video monitors. She assessed Garcia to be a moderate to low risk of suicide, but recommended Garcia be given a paper gown to wear. Garcia was not given a paper gown to wear and, the next morning, Garcia allegedly hung himself with an orange sweatshirt given to him at the jail.

Floyd was not a jail official or employee of Swisher County. There is no allegation that Floyd had any control over Garcia's custody and confinement in the jail. Plaintiffs allege that co-Defendants Benavidez and Lbsraoui did not provide Floyd with information about Garcia's previous attempt to commit suicide by using his jail clothes. Plaintiffs allege that Benavidez and Lbsraoui withheld information from Floyd that would have allegedly heightened the risk assessment and/or resulted in an assessment that Garcia was at high risk to commit suicide./[1]

*Standards*

The federal rules require that a pleading need only furnish a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. Pro. 8(a). Rule 12(b)(6) motions function to test the formal sufficiency of a complaint against the liberal pleading requirements of Rule 8. In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area*

---

[1] This case has been announced settled as to the Plaintiffs' claims against Defendants Swisher County, Texas, Sheriff Emmett Benavidez, Tara Rasmussen, Deborah Lynn Lbsraoui, Jason Irwin, and Scott Blakeman – all of the other named Defendants.

*Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004). To survive, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal,* 495 F.3d at 205 (quoting *Twombly,* 127 S.Ct. at 1965).

Although a court accepts all well-pleaded facts as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. Pro. 8(a)(2)).

## *Qualified Immunity*

Qualified immunity is a defense that protects government officials from suit when they exercise the discretionary functions of their office. See *Harlow v. Fitzgerald,* 457 U.S. 800, 815 (1982). In order to overcome a defense of qualified immunity, a plaintiff must establish that: "(1) the official violated a statutory or constitutional right, and (2) the right was 'clearly established at the time of the challenged conduct." *Morgan v. Swanson,* 659 F.3d 359, 371 (5th Cir. 2011)(citing *Ashcroft v. al-Kidd,* 131 S.Ct. 2074, 2080 (2011)). The court may examine these factors in any order. *Pearson v. Callahan,* 555 U.S. 223 (2009) (*overruling in part Saucier v. Katz,* 553 U.S. 194 (2001)). It is the Plaintiffs' burden to present evidence that a defendant is not entitled to qualified immunity when the defense is raised. See *Bazan ex rel. Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001).

Claims of qualified immunity are not judged on twenty-twenty hindsight, or in light of knowledge ascertained after an event, but by looking through the eyes of the public official, considering what that official knew about the situation at the relevant time. *Graham v. Connor,* 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Poole v. City of Shreveport,* 691 F.3d 624, 630 (5th Cir. 2012).

*Discussion and Analysis*

Plaintiffs allege that Defendant Floyd denied adequate medical care to Garcia, and denied Garcia reasonable protection from self-harm, all done while he was incarcerated in the Swisher Couty jail. Plaintiffs further allege that Floyd acted willfully, deliberately, maliciously or with reckless disregard for Garcia's clearly established constitutional rights. Plaintiffs plead these two claims against Floyd under 42 U.S.C. § 1983, as violations of the Fourteenth Amendment's due process clause.

While some personal interests may be protected by the due process clause of the Fourteenth Amendment, *Perry v. Sindermann,* 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972), in order to maintain a claim under 42 U.S.C. § 1983, Plaintiffs must show two essential elements: 1) that the Defendant deprived Garcia of a right secured by the Constitution of the United States, and 2) that this deprivation occurred while the Defendant was acting under color of State law. *Menchaca v. Chrysler Credit Corporation,* 613 F.2d 507, 510 (5th Cir. 1980). Plaintiffs can bring no § 1983 cause of action for negligence by Floyd in failing to stop the suicide, or for her alleged mis-diagnosis of Garcia's present intent to commit suicide as "low to moderate" instead of "high." Negligence is not actionable under 42 U.S.C. § 1983. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986).

Plaintiffs have not plead enough facts to state a claim to relief that is plausible on its face, and have not pled factual allegations that are enough to raise their claimed right to relief above the speculative level. The facts pled as to Defendant Floyd do not permit the Court to infer more than the mere possibility of her misconduct. Plaintiffs' medical negligence claims, asserted as violations of constitutional rights by Floyd's alleged denial of adequate medical care to Garcia fails to state a claim upon which relief may be granted, and that claim is hereby dismissed with prejudice.

Generally, to maintain a failure to protect claim, Plaintiffs must show that Garcia "was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Hare v. City of Corinth,* 74 F.3d 633, 639, 643 (5th Cir. 1996)(*en banc*)(Fifth Circuit applies the same standard for assessing constitutional claims of denial of medical care to pretrial detainees under the Fourteenth Amendment as it does for denial of medical care to convicted inmates under the Eight Amendment). Floyd was not a custodial prison official, and did not determine or control Garcia's custody or conditions of confinement. Plaintiffs do not allege to the contrary. Further, Plaintiffs have not explained how Floyd had a duty to protect Garcia from self-inflicted harm while he was detained in a jail she did not work at or control. Floyd's alleged denial to Garcia of reasonable protection from self-harm fails to state a claim upon which relief may be granted, and that claim is hereby dismissed with prejudice.

Plaintiffs allege that other defendants failed to provide Floyd with information about Garcia's previous suicide attempt, and withheld from Floyd information that would have caused her to assess that Garcia was a higher risk for suicide. Assuming all of the facts alleged in the complaint as true, Plaintiffs plead no facts demonstrating that Floyd's actions were not objectively reasonable. Plaintiff have not, as they must, established that Floyd violated a statutory or constitutional right, or that the right so violated by Floyd was clearly established at the time of the challenged conduct. For these additional reasons, she is entitled to qualified immunity in this lawsuit.

## *Conclusions*

For all of the foregoing reasons, Defendant Floyd's motion to dismiss is granted. A final judgment of dismissal with prejudice will be entered in accordance with this opinion and order.

It is SO ORDERED.

Signed this the _21st_ day of August, 2013.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE